UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HUBERT W. DRAW,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>DWIGHT NEVEN, *et al.*,<br><br>　　　　　Defendants. | 3:15-cv-00503-MMD-VPC<br><br>**REPORT AND RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE** |

　　　　This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge.  The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.  Before the court is defendants' motion to dismiss or, in the alternative, for summary judgment (ECF No. 18).  Plaintiff opposed (ECF Nos. 21, 23), and defendants replied (ECF No. 26).  For the reasons stated below, the court recommends that defendants' motion to dismiss or, in the alternative, for summary judgment (ECF No. 18) be granted.

### I.　　FACTUAL BACKGROUND AND PROCEDURAL HISTORY

　　　　Hubert W. Draw ("plaintiff") is an inmate in the custody of the Nevada Department of Corrections ("NDOC").  Although currently housed at Lovelock Correctional Center ("LCC"), the events that give rise to this action transpired at High Desert State Prison ("HDSP") in Indian Springs, Nevada.  Pursuant to 42 U.S.C. § 1983, plaintiff brings several civil rights claims against NDOC and HDSP officials.

　　　　According to plaintiff's first amended complaint ("FAC") the alleged events giving rise to plaintiff's claims are as follows.  On July 3, 2014, Plaintiff was being housed at HDSP for the purpose of being transported to and from state court.  (ECF No. 5 at 4.)  Plaintiff claims he was approached by defendants Neven, Stroud, Filson, Howell, and a Jane Doe caseworker, and informed that he was being transported back to Northern Nevada Correctional Center ("NNCC").  (*Id.* at 4, 9.)  Plaintiff was placed on the transport bus without his property and told it would follow

him. (*Id.* at 4.) Upon arrival at NNCC, plaintiff told his caseworker that his property had not followed him and he wanted to know what happened to it. (*Id.* at 9.) The caseworker contacted the HDSP property room and was informed that plaintiff's property could not be located. (*Id.*) Plaintiff filed an informal grievance requesting his religious property and legal documents. (*Id.*) Plaintiff claims that he has not received an answer to any of his grievances and still does not have his legal documents and religious materials. (*Id.* at 4.)

Plaintiff currently has a pending habeas corpus case. (*Id.*) Contained within these legal documents were witness statements, sworn affidavits, pictures of the alleged crime scene, and other newly discovered evidence related to his criminal case. (*Id.* at 4, 11.) Plaintiff has filed numerous grievances regarding these documents and materials, which he claims have gone unanswered. (*Id.* at 5.) The alleged failure of defendants to respond to his grievances impedes plaintiff's ability to locate his property. (*Id.*) Plaintiff alleges that the denial of his property by defendants is directly impeding his habeas corpus case and his access to the courts. (*Id.*) Also among plaintiff's lost property was religious property, including his bible, notes, prayers, and the personal information of religious leaders in his church. (*Id.* at 7.) Plaintiff alleges that because this property has not been returned, his ability to practice his religion is being denied. (*Id.*)

On July 29, 2016, the District Court screened plaintiff's FAC and allowed plaintiff to proceed with a First Amendment access to courts claim, a First Amendment free exercise of religion claim, and a state law deprivation of property claim. (ECF No. 6.) The court stayed the case for ninety days to allow for an early mediation conference between plaintiff and defendants. (*Id.*) The parties were ultimately unable to settle, and this court issued an *in forma pauperis* order commencing litigation. (ECF No. 12.) On December 30, 2016, defendants filed their motion to dismiss or, in the alternative, for summary judgment on the grounds that plaintiff has failed to properly exhaust administrative remedies prior to filing his complaint. (ECF No. 18.)[1] This report and recommendation follows.

---

[1] Defendants move for dismissal or summary judgment on a variety of grounds, but since the court finds that plaintiff failed to exhaust his administrative remedies, it need not discuss defendants' other arguments.

2

## II. LEGAL STANDARD

Summary judgment allows the court to avoid unnecessary trials. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). The court properly grants summary judgment when the record demonstrates that "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). A dispute is "genuine" only where a reasonable jury could find for the nonmoving party. *Id.* Conclusory statements, speculative opinions, pleading allegations, or other assertions uncorroborated by facts are insufficient to establish a genuine dispute. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007); *Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081–82 (9th Cir. 1996). At this stage, the court's role is to verify that reasonable minds could differ when interpreting the record; the court does not weigh the evidence or determine its truth. *Schmidt v. Contra Costa Cnty.*, 693 F.3d 1122, 1132 (9th Cir. 2012); *Nw. Motorcycle Ass'n*, 18 F.3d at 1472.

Summary judgment proceeds in burden-shifting steps. A moving party who does not bear the burden of proof at trial "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element" to support its case. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Ultimately, the moving party must demonstrate, on the basis of authenticated evidence, that the record forecloses the possibility of a reasonable jury finding in favor of the nonmoving party as to disputed material facts. *Celotex*, 477 U.S. at 323; *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). The court views all evidence and any inferences arising therefrom in the light most favorable to the nonmoving party. *Colwell v. Bannister*, 763 F.3d 1060, 1065 (9th Cir. 2014).

Where the moving party meets its burden, the burden shifts to the nonmoving party to "designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citation omitted). "This burden is not a light one," and requires the nonmoving party to "show more than the mere existence of a scintilla of evidence. . . . In fact, the non-moving party must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor." *Id.* (citations omitted). The nonmoving party may defeat the summary judgment motion only by setting forth specific facts that illustrate a genuine dispute requiring a factfinder's resolution. *Liberty Lobby*, 477 U.S. at 248; *Celotex*, 477 U.S. at 324. Although the nonmoving party need not produce authenticated evidence, Fed. R. Civ. P. 56(c), mere assertions, pleading allegations, and "metaphysical doubt as to the material facts" will not defeat a properly-supported and meritorious summary judgment motion, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

For purposes of opposing summary judgment, the contentions offered by a *pro se* litigant in motions and pleadings are admissible to the extent that the contents are based on personal knowledge and set forth facts that would be admissible into evidence and the litigant attested under penalty of perjury that they were true and correct. *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004).

### III. DISCUSSION

**A.  Failure to Exhaust Administrative Remedies**

    **1.  Exhaustion under the PLRA**

Defendants argue that plaintiff did not properly exhaust available administrative remedies. (ECF No. 18 at 4-5, 8-10.)

Under the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). The requirement's underlying premise is to "reduce the quantity and

4

improve the quality of prisoner suits" by affording prison officials the "time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation." *Id.* at 524–25.

The PLRA requires "proper exhaustion" of an inmate's claims. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). Proper exhaustion means an inmate must "use all steps the prison holds out, enabling the prison to reach the merits of the issue." *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009) (citing *Woodford*, 548 U.S. at 90). Thus, exhaustion "demands compliance with an agency's deadlines and other critical procedural rules because no adjudication system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford*, 548 U.S. at 90–91.

In the Ninth Circuit, a motion for summary judgment will typically be the appropriate vehicle to determine whether an inmate has properly exhausted his or her administrative remedies. *Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014). "If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56. If material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." *Id.* at 1166. The question of exhaustion "should be decided, if feasible, before reaching the merits of a prisoner's claim." *Id.* at 1170.

Failure to exhaust is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 216 (2007). The defendant bears the burden of proving that an available administrative remedy was unexhausted by the inmate. *Albino*, 747 F.3d at 1172. If the defendant makes such a showing, the burden shifts to the inmate to "show there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him by 'showing that the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile.'" *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (quoting *Albino*, 747 F.3d at 1172).

### 2. NDOC's Inmate Grievance System

Administrative Regulation ("AR") 740 governs the grievance process at NDOC institutions. An inmate must grieve through all three levels: (1) Informal; (2) First Level; and (3) Second Level. (*See* ECF No. 18-15.) The inmate may file an informal grievance within six months "if the issue involves personal property damages or loss, personal injury, medical claims or any other tort claims, including civil rights claims." (*Id.* at 6.) The inmate's failure to submit the informal grievance within this period "shall constitute abandonment of the inmate's claim at this, and all subsequent levels." (*Id.* at 7.) NDOC staff is required to respond within forty-five days. (*Id.* at 8.) An inmate who is dissatisfied with the informal response may appeal to the formal level within five days. (*Id.*)

At the first formal level, the inmate must "provide a signed, sworn declaration of facts that form the basis for a claim that the informal response is incorrect," and attach "[a]ny additional relevant documentation." (*Id.*) The grievance is reviewed by an official of a higher level, who has forty-five days to respond. (*Id.* at 9.) Within five days of receiving a dissatisfactory first-level response, the inmate may appeal to the second level, which is subject to still-higher review. (*Id.*) Officials are to respond to a second-level grievance within sixty days, specifying the decision and the reasons the decision was reached. (*Id.*) Once an inmate receives a response to the second-level grievance, he or she is considered to have exhausted available administrative remedies and may pursue civil rights litigation in federal court.

### 3. Exhaustion of Plaintiff's Claims

Plaintiff's claims against defendants arise from an alleged loss of personal property in the course of transport from HDSP to NNCC. (ECF No. 5.) Defendants argue that plaintiff did not properly exhaust his available administrative remedies, as he failed to follow the grievance procedure outlined by AR 740. (*See* ECF No. 37 at 8-10.) Specifically, defendants contend that plaintiff failed to file a second level grievance after filing numerous unsuccessful informal and first level grievances. (*Id.*; *see also* ECF No. 18-2.) Plaintiff does not dispute that he failed to fully exhaust his administrative grievances through the second level. Therefore, the court finds

1  that plaintiff failed to exhaust his administrative remedies pursuant to AR 740 prior to initiating
2  this action.

3     The burden now shifts to plaintiff "to come forward with evidence showing that there is
4  something in his particular case that made the existing and generally available administrative
5  remedies effectively unavailable to him." *Albino*, 747 F.3d at 1172 (citing *Hilao v. Estate of*
6  *Marcos*, 103 F.3d 767, 778 n. 5 (9th Cir. 1996)).  Plaintiff provide no evidence to show that
7  administrative remedies were unavailable to him.  Plaintiff instead argues that he has been
8  "brushed off by mere procedural technicalities" while pursuing his grievances, and he further
9  describes the grievance process as a "legal runabout" to encourage inmates "to give up and
10 abandon their claims." (ECF No. 21 at 5-6.)

11    While it is clear plaintiff disagrees with the requirement to exhaust his administrative
12 remedies, exhaustion plays a very important role in both the prison and court settings. "Exhaustion
13 gives an agency 'an opportunity to correct its own mistakes with respect to the programs it
14 administers before it is haled into federal court,' and it discourages 'disregard of [the agency's]
15 procedures.'" *Id.* at 89 (quoting *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)).  Exhaustion
16 also "promotes efficiency." *Id.*  Plaintiff does not dispute that he failed to exhaust his
17 administrative remedies and he does not present any evidence that such remedies were effectively
18 "unavailable."  Accordingly, the court concludes that plaintiff failed to exhaust available
19 administrative remedies prior to filing this action, and that defendants' motion for summary
20 judgment should be granted.

21              **IV.   CONCLUSION**

22    For good cause appearing and for the reasons stated above, the court recommends that
23 defendants' motion to dismiss or, in the alternative, for summary judgment (ECF No. 18) be
24 granted.

25    The parties are advised:

26    1.     Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice,
27 the parties may file specific written objections to this Report and Recommendation within fourteen
28

days of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendants' motion to dismiss or, in the alternative, for summary judgment (ECF No. 18) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that the Clerk **ENTER JUDGMENT** and close this case.

**DATED**:  May 2, 2017.

_____
**UNITED STATES MAGISTRATE JUDGE**